| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
| ELIZABETH TORRES, ESQ.   -   STATE BAR NUMBER: 201677<br>TORRES LAW GROUP<br>THE LAW CENTER BUILDING<br>2160 NORTH DURFEE AVENUE<br>EL MONTE, CA 91733<br>TELEPHONE: (626)408-3802   FACSIMILE: (626)236-9154<br><br>Attorney for Debtor(s) | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Zepeda, Efrain<br><br><br>Debtor. | CHAPTER   13<br><br>CASE NUMBER 6:10-bk-32043<br><br>DATE: 8/30/2010<br><br>TIME: 1:30 P.M.<br><br>COURTROOM: 301 |
|---|---|

## NOTICE OF MOTION FOR:

NOTICE OF MOTION AND MOTION FOR ORDERS DETERMING VALUE OF REAL PROPERTY, EXTENT OF SECURED CLAIMS AND AVOIDING THE LIEN OF HFC Member HSBC Group

*(Specify name of Motion)*

1. TO: HON. MEREDITH A. JURY; CREDITOR HFC Member HSBC Group; CHAPTER 13 TRUSTEE; AND ALL OTHER INTERESTED PARTIES

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith.  Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)

| Hearing Date: 8/30/2010 | Time: 1:30 P.M. | Courtroom: 301 | Floor: 3rd |
|---|---|---|---|
| ☐ **255 East Temple Street, Los Angeles** | | ☐ **411 West Fourth Street, Santa Ana** | |
| ☐ **21041 Burbank Boulevard, Woodland Hills** | | ☐ **1415 State Street, Santa Barbara** | |
| ☒ **3420 Twelfth Street, Riverside** | | | |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1.  If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedure.

Dated: July 21, 2010

TORRES LAW GROUP
*Law Firm Name*

By:  /S/ ELIZABETH TORRES

Name:  ELIZABETH TORRES, ESQ.
*Attorney for Movant*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

**F9013-1.1**

TORRES LAW GROUP
ELIZABETH TORRES, ESQ. - STATE BAR # 201677
THE LAW CENTER BUILDING
2160 NORTH DURFEE AVENUE
EL MONTE, CA 91733
TELEPHONE: (626)408-3802
FACSIMILE: (626)236-9154

Attorney for Zepeda, Efrain

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Zepeda, Efrain,<br><br>        Debtor<br>_____<br>Zepeda, Efrain,<br><br>     Plaintiff<br><br>  vs.<br><br>HFC Member HSBC Group,<br><br>     Defendant<br>_____ | ) Case No.: 6-10-bk-32043<br>)<br>)<br>) CHAPTER 13<br>)<br>) NOTICE OF MOTION AND MOTION FOR<br>) ORDERS DETERMINING VALUE OF<br>) REAL PROPERTY, EXTENT OF<br>) SECURED CLAIMS AND AVOIDING THE<br>) LIEN OF HFC Member HSBC Group;<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES; DECLARATIONS IN<br>) SUPPORT<br>)<br>) **HEARING**<br>)<br>) DATE:    8/30/2010<br>) TIME:    1:30 P.M.<br>) CRTRM:   301<br>) PLACE:   3420 Twelfth Street<br>)          Riverside, CA 92501<br>)<br>)<br>) |

      **TO THE HONORABLE MEREDITH A. JURY; CREDITOR HFC Member HSBC Group; CHAPTER 13 TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Debtor(s), Zepeda, Efrain, through their attorney ELIZABETH TORRES, hereby moves the court for orders:

1.    Determining that the value of property known as 4427 Tyrolite Street, Riverside, CA 92509 ("Real Property") is $124,000 as of the date of filing of this bankruptcy petition; (see attached declaration of Debtor and declaration of Appraiser)

2.    Determining secured claim of Bac Home Loan Service ("Bac Home Loan Service") with respect to Real Property is senior to that of HFC Member HSBC Group ("RESPONDENT") and that the amount of HFC Member HSBC Group's secured claim exceeds the value of the Real Property.

3.    Determining that RESPONDENT's claim is wholly unsecured; and

4.    Finding that modification of RESPONDENT's claim is therefore appropriate under 11 U.S.C. §1322(b)(2), that the lien of RESPONDENT is Avoided.


**DEADLINE FOR OPPOSITION PAPERS:**

Please take further notice that there are deadlines to file opposition papers pursuant to Local Bankruptcy Rule 9013-1(a)(7), which provides:

"Opposition/Joinders/Responses to Motions. Except as set forth in Local Bankruptcy Rule 9013-1(e) with regard to motions for summary judgment or partial summary adjudication, or unless otherwise ordered by the court,

each interested party opposing, joining, or responding to the motion shall file and serve no later than 14 days before the date designated for hearing either:

    (A) brief but complete written statement of all reasons in opposition thereto or in support or joinder thereof, and answering memorandum of points and authorities, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely. The opposing papers shall advise the adverse party that any reply to the opposition shall be filed with the court and served on the opposing party no later than 7 calendar days (not excluding Saturdays, Sundays, and legal holidays) prior to the hearing on the motion; or

    (B) A written statement that the motion will not be opposed. Local Bankruptcy Rule 9013-1(a)(11) provides:

        "<u>Failure to File Required Papers</u>. Papers no timely filed and served may be deemed by the court to be consent to the granting or denial of the motion, as the case may be."

\\
\\
\\
\\
\\

**Wherefore**, Debtor(s) requests that the Court find that the lien of RESPONDENT is wholly unsecured and that the lien be extinguished.

July 21, 2010

                              TORRES LAW GROUP
                         BY:  /s/ELIZABETH TORRES____
                              ELIZABETH TORRES
                              Attorney for Debtor(s)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND FACTS

Debtor(s) Zepeda, Efrain ("Debtor(s)") filed this Chapter 13 case on 7/15/2010. Debtor(s) owned real property located at 4427 Tyrolite Street, Riverside CA 92509 ("Real Property"). It is Debtors belief that Real Property has a value of $124,000. (see attached declaration of Debtors)

Furthermore, Debtor(s) have retained the services of Valuation Concepts, Tracy L. Griffith, a licensed real estate appraiser to provide a declaration of opinion as to the value of the Real Property. It is the belief of Valuation Concepts, Tracy L. Griffith that Real Property has a value of $124,000. (see attached declaration of licensed Appraiser) The appraiser basis his opinion on other homes in my neighborhood with similar characteristics that have been sold or are in the process of being sold.

As of 7/15/2010, the date of filing of the bankruptcy petition, the first deed of trust held by Bac Home Loan Service encumbered the Real Property with a principle balance of $141,785. (see attached exhibit "B") A second deed of trust held by HFC Member HSBC Group (RESPONDENT) encumbered the Real Property with a principle balance of $47,778. (see attached exhibit "C")

## II.

## <u>AUTHORITIES</u>

**BASED ON DEBTOR(S) BELIEF THAT AS OF THE DATE OF FILING OF THE DEBTOR(S) BANKRUPTCY PETITION, THE REAL PROPERTY CURRENT MARKET VALUE IS $124,000**

According to Debtor's belief and understanding the Real Property has a current market value of $124,000. Presently, Bac Home Loan Service holds a deed of trust encumbering the Real Property with a principle balance of $141,785. (see attached exhibit "B") A second deed of trust held by HFC Member HSBC Group (RESPONDENT) encumbered the Real Property with a principle balance of $47,778. (see attached exhibit "C") Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure (hereinafter "FRBP"), "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest, on motion of any party interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct…"

In this case, Debtor(s) has provided the Court with a declaration supporting his belief that the current market value is $124,000. The Debtors belief is based on other homes in their neighborhood with similar characteristics that are selling or have been sold at or around said price range.

**THE FIRST DEED OF TRUST IS UNDERSECURED AND THE SECOND DEED
OF TRUST IS WHOLLY UNSECURED GIVEN THE VALUE OF THE REAL
PROPERTY.**

FRBP 3012 implements Section 506(a) of the Bankruptcy Code
with respect to valuation of a secured claim in order to
determine the extent to which it is secured and the extent to
which it is unsecured.  Section 506(a) provides:

"[a]n allowed claim of a creditor secured by a lien on
property in which the estate has an interest,… is a secured
claim to the extent that the value of such creditor's
interest… is less than the amount of such allowed claim."
Additionally, section 506(d) states that:

"[t]o the extent that a lien secured a claim against
the debtor that it is not an allowed secured claim,
such lien is void."

Section 506 is a section of general applicability and a
Chapter 13 case allows bifurcation of a claim into secured and
unsecured portions.  <u>Wilson v. Commonwealth Mortgage Corp.</u>, 895
F.2d 123, 22 C.B.C. 561 (3rd Cir. 1990).

**RESPONDENT'S RIGHTS MAY BE MODIFIED AS A WHOLLY UNSECURED
LIENHOLDER AND MAY BE TREATED AS AN UNSECURED CREDITOR
UNDER 11 U.S.C. §1322(B)(2).**

Prior to the passage of the BAPCPA of 2005, several Courts had already held that <u>Nobleman v. American Savings Bank</u>, 13 S.Ct. 2106 (1993) was inapplicable when senior liens were in excess of the fair market value of the property. Therefore, this case would fall outside the protection otherwise afforded by <u>Nobleman</u>, because the lien is wholly unsecured.

The Bankruptcy Reform Act of 1994 did not change the ability of lien stripping of a wholly unsecured creditor. It provided that a loan which fully matured prior to the filing of the Chapter 13 petition, or a loan which matures during the life of the plan, may be paid through the bankruptcy plan. 11 U.S.C. §1322(b)(2).

Under <u>Nobleman</u>, a lien cannot be stripped if any portion of the interest was secured. Therefore, when a lien is wholly unsecured, it can be stripped. Courts have consistently distinguished between <u>Nobleman</u> and facts involving a wholly unsecured lien holder. In fact, most reported decisions have rejected the proposition that <u>Nobleman</u> prohibits modification of a totally unsecured lien on a Chapter 13 Debtor(s) principal residence. These Courts, along with the 9th Circuit Bankruptcy Appellate Panel, interpret <u>Nobleman</u> to require the existence of an allowable secured claim as the predicate for the protection form medication in 11 U.S.C. §1322(b)(2).

In the 9th Circuit Bankruptcy Appellate Panel Case, <u>In re Lam</u>, the Court held that:

"The Nobleman decision holding that section 1322(b) bars a
Chapter 13 plan from modifying the rights of holders of
claims, secured only by the Debtor's principal residence,
does not apply to holders of totally unsecured claims.  The
extension of the protections of section 1322(b) to wholly
unsecured lien holders is contrary to the provisions of the
bankruptcy code allowing dischargeability of unsecured
claims."

In In re Lam, 121 B.R. 36, 41 (9th Cir. B.A.P. 1997), the
Court concurred with the holding of several cases that permitted
modification of secured creditor's claims that were wholly
unsecured. Id., at 41.

Another California case has a similar holding to In re Lam.
The Court in In re Geyer sustained a debtor's motion to avoid a
lien brought under Bankruptcy Code Section 506(d) and held that
a Chapter 13 debtor may strip off a lien on his or her primary
residence when the lien holder's interest is totally unsecured,
stating that:

[T]he term 'secured claim' as used in section 1322(b)(2)
has the same meaning as the term "secured claim" in section
506(a).  Unless there is some equity to which the
creditor's lien attaches, there is no allowed secured claim
and no entitlement to the protection against modification
contained in section 1322(b)(2).  A chapter 13 debtor may
'strip-off' a lien on his or her primary residence under

the plan or under section 506(d) when the lien holder's

interest is totally unsecured.

<u>In re Geyer</u>, 203 B.R. 726, 729 (S.D. Cal. 1996).

The Court's ruling in the case at bar should be unaffected by the landmark Supreme Court case in <u>Nobleman</u>.  In <u>Nobleman</u>, Justice Thomas held that Code Section 1322(b)(2) prohibits splitting an undersecured home mortgage holder's claim into its secured and unsecured portions for purposes of confirmation of a Chapter 13 Plan.  <u>Nobleman</u>, 13 S.Ct. 2106.  Unlike the case at bar, in <u>Nobleman</u>, the lien to be stripped was the holder of the first deed of trust for $71,335.00, and the debtor's principal residence was worth $23,500.00.  Thus, the bank's claim was at least partially secured by the debtor's home.

Here, RESPONDENT'S lien is not the first but the second deed of trust.  Further, there can be no reasonable contention that any part of the second deed of trust is secured.  Thus, the facts, reasoning and holding of <u>Nobleman</u> are inapplicable to this case.

In this case, the Real Property has a market value of $124,000.  Bac Home Loan Service's first deed of trust has a balance of $141,785.  (see attached exhibit "B")  Thus, RESPONDENT's secured interest in the Real Property is Zero because there is absolutely no equity to which its lien could attach.

Because RESPONDENT possesses a totally unsecured claim on Debtor's real property and it does not have an allowable secured claim, RESPONDENT cannot seek protection from modification under 11 U.S.C. §1322(b)(2) and Debtor may modify the claim and avoid claimant's lien.  Therefore, RESPONDENT's second deed of trust should be extinguished, reconveyed, and treated as unsecured for purposes of this Chapter 13 proceeding.

**<u>IN RE DEWSNUP</u> IS DISTINGUISHED FROM THE LIEN STRIPPING REQUESTED IN THIS CHAPTER 13 CASE.**

The Chapter 7 case <u>Dewsnup v. Tim</u>, 502 U.S. 410, 112 S. Ct. 773, 116 L.Ed.2d 903 (1992) has no application to this Chapter 13 case.  The relevant cases are those Chapter 13 cases cited by Debtor above which turn on interpretations of §1322(b)(2). Those interpretations conclude that a Chapter 13 plan may modify the rights of claim holders, other than those **secured** only by a security interest in real property that is the Debtors' principal residence.

Section 1322(b)(2), in light of §506(a), does not preclude modification by a Chapter 13 Plan of the rights of holders of unsecured claims even those of holders of deeds of trust which are completely unsecured.

To this end, Justice Scalia, in his dissent in <u>Dewsnup</u>, pointed out the difference between lien stripping in a Chapter 7 case and lien stripping in a Chapter 13 case when he stated that:

12

"Respondents assume, for example, that a debtor in a
Chapter 13 cannot strip down a mortgage placed on the
debtor's home,; but that assumption may be the very
question  the Court answers today.  True, Section
1322(b)(2) provides that Chapter 13 filers may not "modify
the rights of secured claims", that are "secured only by a
security interest in real property that is the debtor's
principal residence.  But this can be and has been read, in
mortgagee's rights only with respect to the operation of
his claim that is deemed secured under the Code.  See,
e.g., In re Hart 923 F.2d 1410, 1415 (CA 10 1991); Wilson
v. Commonwealth Mortgage Corp., 895 F.2d 123, 127 CA3
1990)."

Dewsnup, 502 U.S. 410, 428, 112 s. Ct. 773, 784.

In Denver v. Internal Revenue Service, 164 B.R. 132 (C.D.
Cal. 1994), the Court held that in spite of Dewsnup, stripping
an IRS lien on a principal residence is permissible in a Chapter
11 case.  The court noted while under Dewsnup, Chapter 7 debtors
cannot use §506 to strip liens on an undersecured claim, the
Supreme Court specifically reserved the question as to the
applicability of its ruling in Dewsnup to cases under the
reorganization chapters.  Id., at 133.  The Denver Court
discussed the issue of lien stripping in Chapter 13 cases and
cited the 10th Circuit case of In re Hart wherein the Court
reasoned:

13

The dispositive issue in this case is whether Eastland's undersecured loan may be bifurcated into two claims by applying general principals of Section 506(a) to the mortgage and then protecting only the secured claim by provisions of Section 1322(b).  We believe it can. In re Hart, 923 F.2d 1410, 1413 (10th Cir. 1991).

After citing In re Hart, in Denver the Court went on to state:

> "If Section 506 does not permit debtors to bifurcate undersecured claims and strip down liens to their collateral value, then all secured creditors would be freed of any concern that debtors could reduce the amount of their liens while retaining property.  If Congress did not intend to allow lien stripping in general in Chapter 13 cases, then why would it bother to draft the exclusionary language of Section 1322.  As Justice Stevens' concurring opinion in Nobleman emphasized, the legislative history of Section 1322(b)(2) reflects Congressional desire to provide special protections to residential lenders."  Denver at 141.

Accordingly, the language of the relevant Bankruptcy Code sections and the decisions interpreting those sections warrants a finding that RESPONDENT's lien arising from the deed of trust may be extinguished and that its claim may be treated as general unsecured in Debtor's plan.

## III.

## CONCLUSION

Based on the above, Debtor requests that the Court enter an order which:

1. Establishes the value of the Real Property to be $124,000;

2. Finds that Bac Home Loan Service's security interest is senior to RESPONDENT in an amount that exceeds the value of Real Property;

3. Concludes that RESPONDENT's claim is wholly unsecured; AND

4. Avoid RESPONDENT's lien and permits modification of the claim under §1322(b)(2).

July 21, 2010

                              TORRES LAW GROUP

                    By: /s/ELIZABETH TORRES
                        ELIZABETH TORRES, ESQ.
                        ATTORNEY FOR DEBTOR

### DECLARATION OF Zepeda, Efrain

I, Zepeda, Efrain, declare as follows:

1.  I am the Debtor(s) in this Chapter 13 case number 6:10-bk-32043.  I have personal knowledge of the matters set forth hereinafter, and I would and could competently testify thereto as a witness.

2.  I filed this bankruptcy case on 7/15/2010.  I am the owner(s) of real property located at 4427 Tyrolite Street, Riverside, CA 92509 ("Real Property").

3.  I own the Real Property and have disclosed it in my bankruptcy schedules.  A true and correct copy of my Schedule A is attached Exhibit "A".

4.  It is my belief that the Real Property has a market value of $124,000.  I base my opinion on other homes in my neighborhood with similar characteristics that have been sold or are in the process of being sold.

5.  The Real Property was subject to a first deed of trust in favor of Bac Home Loan Service, which has a balance of $141,785 as of the date of filing.  I do not contest this amount.  A true and correct copy of Bac Home Loan Service mortgage statement or proof of claim is attached as exhibit "B".

6.  The Real Property was also subject to a second deed of trust in favor of HFC Member HSBC Group ("Respondent") which has a balance of $47,778 as of the date of filing of my bankruptcy petition.  A true and correct copy of

16

RESPONDENT's mortgage statement or proof of claim is attached as Exhibit "C" and is incorporated herein by this reference.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated this July 21, 2010

By: /s/ Efrain  Zepeda
     Efrain  Zepeda
     DEBTOR

### DECLARATION OF Tracy L. Griffith

I, **Tracy L. Griffith**, declare as follows:

1. I am a licensed real estate appraiser, State of California License number AL032866.  I make this declaration based on my own personal knowledge, my education, my training and experience in the field of real estate appraisal and if called as a witness, I could and would competently testify thereto the facts stated herein.

2. I have held a California Real Estate Appraiser License since 1/16/2008.  I am actively employed as a real estate appraiser and perform approximately 10 to 15 residential appraisals per month.

3. I was retained by Zepeda, Efrain to examine and give me opinion as to the value of a single family residence located at 4427 Tyrolite Street, Riverside, CA 92509 ("Real Property").

4. Based upon my observations and market research as well as my training, education and experience as a residential appraiser, it is my professional opinion that the Property has a fair market value of approximately $124,000.

5. I have no present or contemplated future interest in the property.  Neither my employment nor my compensation for my opinion is contingent on the value found.  I have no familial or personal relationship with the Debtor(s) other than the preparation of this declaration.

1    I Declare under penalty of perjury that the foregoing is true

2   and correct to the best of my knowledge and belief.

3

4

5                                        By: _____

6                                             Tracy L. Griffith

7                                             Valutaion Concepts
                                              APPRAISER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22.

23

24

25

26

27

28

Notice of Motion (with Hearing) – Page 2

**F9013-1.1**

| In re<br>Zepeda, Efrain | CHAPTER <u>13</u> |
|---|---|
| Debtor. | CASE NUMBER 6:10-bk-32043 |

**NOTE**: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2160 NORTH DURFEE AVENUE, EL MONTE, CA 91733

A true and correct copy of the foregoing document described as **Notice of Motion and Motion for Orders Determining Value of Real Property, Extent of Secured Claims and Extinguishing the Lien of HFC Member HSBC Group; Memorandum of Points and Authorities; Declaration in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined tha the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY CERTIFIED MAIL OR U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On <u>July 22, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class or certified, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[X]  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 21, 2010 | Cindy Rodriguez | /s/ Cindy Rodriguez |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009

**F9013-1.1**

Notice of Motion (with Hearing) – Page 3

**F9013-1.1**

| In re<br>Zepeda, Efrain<br><br>Debtor. | CHAPTER <u>13</u><br><br>CASE NUMBER 6:10-bk-32043 |
|---|---|

Rod Danielson
Chapter 13 Trustee
4361 Latham Street, Suite 270
Riverside, CA 92501

(U.S. Mail – First Class)

HFC Member HSBC Group
Attn: Michael Geoghegan, CEO
Attn: Douglas Flint, Financial
Director
3700 Wilshire Suite 600
Los Angeles, CA 90010

(U.S. Mail – Certified)

HSBC Bank USA,
National Association
Agent for Service of Process
CT Corporation System
818 West Seventh Street
Los Angeles,  CA 90017

(U.S. Mail – Certified)

United States Trustee
3685 Main Street, Suite 300
Riverside, CA 92501

(U.S. Mail – First Class)

HSBC
Attention: Michael Geoghegan, CEO
Attn: Douglas Flint, Financial
Director
26525 North Riverwoods Boulevard
4 North East
Mettawa, Illinois 60045

(U.S. Mail – Certified)

HSBC
P.O. Box 829009
Dallas, TX  75382-9009

(U.S. Mail – Certified)

Zepeda, Efrain
4427 Tyrolite Street
Riverside, CA 92509

(U.S. Mail – First Class)

HSBC
Attn: Michael Georghegan, CEO
Attn: Randall L. Raup, President
One HSBC Center
2 West Wing - Lockbox
Buffalo, NY 14203

(U.S. Mail – Certified)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

**F9013-1.1**