| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Balpreet K Thiara (SBN 265150)<br>bthiara@piteduncan.com<br>Joseph C. Delmotte (SBN 259460)<br>jdelmotte@piteduncan.com<br>PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858)750-7600<br>Facsimile: (619) 590-1385<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>EFRAIN ZEPEDA,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>                                                                                                    Debtor. | CASE NO.: 6:10-bk-32043-MJ<br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY**<br><br>DATE: August 29, 2012<br>TIME: 9:00 am<br>COURTROOM: 301<br>PLACE: 3rd Floor |

**MOVANT** (*name of*)**:**   CITIMORTGAGE, INC.

**Movant is the** *(check one)*
☐   Holder of Deed of Trust
☒   Assignee of Holder of Deed of Trust
☐   Servicing Agent for Holder of Deed of Trust or Assignee of Holder of Deed of Trust

1. NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an Order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**        ☐ **411 West Fourth Street, Santa Ana**
                                         ☐ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**
                                         ☒ **3420 Twelfth Street, Riverside**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                                                                 Page 1                                                              **F 4001-1.MOTION.RP**

3.  a.  ☒  This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

    b.  ☐  This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

    ☐ at the hearing    ☐ at least _____ days before the hearing.

    (1)  ☐  A Motion for Order Shortening Time was not required according to the calendaring procedures of the assigned judge.

    (2)  ☐  A Motion for Order Shortening Time was filed pursuant to LBR 9075-1(b) and was granted by the court, and such motion and order have been or are being served upon the Debtor and trustee, if any.

    (3)  ☐  A Motion for Order Shortening Time has been filed and is pending. Once the court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion, if any.

4.  You may contact the clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5.  If you fail to file a written response to the Motion, if required, or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date:  August 6, 2012

Respectfully submitted,

CitiMortgage, Inc.
Movant name

Pite Duncan, LLP
Printed name of law firm *(if applicable)*

/s/ Balpreet K Thiara
Signature of individual Movant or attorney for Movant

Balpreet K Thiara  (SBN 265150)
Printed name of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                              Page 2                              **F 4001-1.MOTION.RP**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY[1]

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the Property):

    Street address:         9481 Robert Way
    Unit/suite no.:
    City, state, zip code:  Riverside, California  92509

    Legal description or document recording number (including county of recording):

    Riverside County; Inst. No. 2005-0427428

    ☐ See attached continuation page.

2. **Case History:**

    a. ☒ A voluntary petition    ☐ An involuntary petition
        under Chapter    ☐ 7  ☐ 11  ☐ 12  ☒ 13 was filed on *(specify date)*: 7/15/2010

    b. ☐ An Order of Conversion to Chapter    ☐ 7  ☐ 11  ☐ 12  ☐ 13
        was entered on *(specify date)*: _____

    c. ☒ Plan, if any, was confirmed on *(specify date)*: 9/3/2010

    d. ☐ Other bankruptcy cases affecting this Property were pending within the past two years. See attached declaration.

3. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☐ Movant's interest in the Property is not adequately protected.

            (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower's(s') obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted to Movant.

        (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder and defraud Movant.

            (a) ☐ Movant is the only creditor or one of very few creditors listed on the Debtor's master mailing matrix.

            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c) ☐ The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the petition and a few other documents. No other Schedules or Statement of Financial Affairs (or chapter 13 Plan, if appropriate) have been filed.

            (d) ☐ Other *(see attached continuation page)*.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                                    Page 3                                    **F 4001-1.MOTION.RP**

        (3) ☒ *(Chapter 12 or 13 cases only)*

           (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

           (b) ☒ Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

        (4) ☐ For other cause for relief from stay, see attached continuation page.

  b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

  c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has/have failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

  d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

        (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

  a. ☒ Movant submits the attached declaration(s) on the court's approved forms (*if applicable*) to provide evidence in support of this Motion pursuant to the LBR.

  b. ☐ Other declaration(s) are also attached in support of this Motion.

  c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit ___.

  d. ☐ Other evidence *(specify)*: _____

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*    Page 4    **F 4001-1.MOTION.RP**

4. ☒ Additional provisions requested:
   a. ☒ That the 14-day stay described by FRBP 4001(a)(3) is waived.
   b. ☐ That Extraordinary Relief be granted as set forth in the Attachment (*Use Optional Court Form F 4001-1M.ER*).
   c. ☐ For other relief requested, see attached continuation page.

5. If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date:  August 6, 2012                              Respectfully submitted,

                                                   CitiMortgage, Inc.
                                                   Movant name

                                                   Pite Duncan, LLP
                                                   Printed name of law firm (if applicable)

                                                   /s/ Balpreet K Thiara
                                                   Signature of individual Movant or attorney for Movant

                                                   Balpreet K Thiara (SBN  265150)
                                                   Printed name of individual Movant or attorney for Movant

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                              Page 5                              **F 4001-1.MOTION.RP**

## REAL PROPERTY DECLARATION

I, (name of Declarant) __Clayton J. Wren__, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as (state title and capacity): _____

   ☒ Other (specify): See **Attachment 1**.

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. The Movant is:

   ☐ Original holder of the beneficial interest in the Property. A true and correct copy of a recorded proof of this interest is attached hereto as Exhibit __ (e.g. deed of trust).

   ☒ Assignee of the original holder of the beneficial interest in the Property. A true and correct copy of recorded proof of this interest is attached hereto as Exhibit _3_. (E.g., allonge, assignment, et.al.)

   ☐ Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest. Attached hereto as Exhibit _ is a true and correct copy of the relevant part of the document which reflects authority to act as Movant for the owner of the beneficial interest.

4. a. The address of the Property that is the subject of this Motion is:

   Street address: __9481 Robert Way__
   Unit/suite no.:
   City, state, zip code: __Riverside, California  92509__

   b. The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is attached as Exhibit _2_.

   ☐ See attached page.

5. Type of property: (check all applicable boxes):

   a. ☐ Debtor's(s') principal residence      b. ☒ Other single family residence
   c. ☐ Multi-unit residential                d. ☐ Commercial
   e. ☐ Industrial                            f. ☐ Vacant land
   g. ☐ Other (specify): _____

6. Nature of Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) *(specify)*: Efrain Zepeda is the original borrower, Victor Robles, Angel Robles and Sara Robles are co-owners, but not parties to the bankruptcy.

   c. ☐ Lien holder *(specify)*:

   d. ☐ Other *(specify)*:

   e. ☒ Debtor ☒ did ☐ did not    list the Property in the schedules filed in this case.

   f. ☐ Debtor acquired the interest in the Property by    ☐ grant deed ☐ quitclaim deed ☐ trust deed
      The deed was recorded on: _____

7. Amount of Movant's claim with respect to the Property:

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | $ | $ | $277,730.82 |
| b. Accrued interest: | $ | $ | $18,250.40 |
| c. Late charges: | $ | $ | $95.75 |
| d. Costs (attorney's fees, other costs): | $ | $ | $265.50 |
| e. Advances (property taxes, insurance): | $ | $ | $905.34 |
| f. Less suspense account or partial balance paid: | $ [        ] | $ [        ] | $[43.92] |
| g. TOTAL CLAIM as of: 7/11/2012 | $ | $ | $297,203.89 |

   h. ☐ Loan is all due and payable because it matured on *(specify date)*: _____

8. Movant holds a   ☒ deed of trust   ☐ judgment lien   ☐ other *(specify)* _____ that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit __2__.

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit __1__.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit __3__.

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action has occurred):

   a. Notice of default recorded on the following date: ___ or none recorded ☒

   b. Foreclosure sale originally scheduled for the following date: ___ or none scheduled ☒

   c. Foreclosure sale currently scheduled for the following date: ___ or none scheduled ☒

   d. Foreclosure sale already held on the following date: ___ or none held ☒

   e. Trustee's deed on sale already recorded on the following date: ___ or none recorded ☒

10. Attached *(optional)* hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the petition date.

11. ☐ (chapter 7 and 11 cases only):
    Status of Movant's loan:

    a. Amount of current monthly payment: $_____ for the month of _____.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

c. Future payments due by time of anticipated hearing date *(if applicable)*:

An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

d. The fair market value of the entire Property is $_____, established by:

☐ Appraiser's declaration with appraisal is attached herewith as Exhibit _____.

☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

☐ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit _____.

☐ Other *(specify)*: _____

e. **Calculation of equity in Property:**

Based upon ☐ preliminary title report ☐ Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | | |
| 2nd deed of trust: | | | |
| 3rd deed of trust: | | | |
| Judgment liens: | | | |
| Taxes: | | | |
| Other: | | | |

**TOTAL DEBT: $** _____

f. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

☐ Preliminary title report

☐ Relevant portions of Debtor's schedules as filed in this case

☐ Other *(specify)*: _____

g. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 11d above, the Debtor's equity in the Property is $_____ (§ 362(d)(2)(A)).

h. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§ 362(d)(1)).

i. Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price).

j. The fair market value of the Property is declining based on or due to:

_____

12. ☒ (Chapter 12 and 13 cases only)

Chapter 12 or 13 case status information:

a. A 341(a) Meeting currently scheduled for (*or concluded on*) the following date: 8/30/2010
Confirmation hearing currently scheduled for (or concluded on) the following date: 8/30/2010
Plan was confirmed on the following date (*if applicable*): 9/3/2010

Postpetition payments due BUT REMAINING UNPAID since the filing of the case:

    *(Number of)* 6    payment(s) due at    $ 2,129.10    Each = $12,774.60
    *(Number of)* 5    payment(s) due at    $ 2,105.56    Each = $10,527.80
    *(See attachment for additional breakdown or information attached as Exhibit ___.)*

b. Postpetition advances or other charges due but unpaid:    $
    *(See attachment for details of type and amount attached as Exhibit ___.)*

c. Attorneys' fees and costs    $
    *(See attachment for details of type and amount attached as Exhibit ___.)*

d. Less suspense account or partial paid balance    $[43.92]

    TOTAL POSTPETITION DELINQUENCY:    $23,258.48

e. Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $2,105.56 will come due on August 1, 2012, and on the 1st day of each month thereafter. If the payment is not received by the ___ day of the month, a late charge of $___ will be charged to the loan.

f. Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from the Debtor, if applicable:
$ 2,129.10 received on June 12, 2012
$ 2,129.10 received on September 2, 2011
$ 2,129.10 received on July 4, 2011

g. ☐ The claim is provided for in the chapter 12 or 13 Plan. Plan payment history is attached as Exhibit ___.

h. ☐ See attached declaration(s) of chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach LBR Form F 4001-1M.13)*.

13. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

14. ☐ The court determined on _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder, and or defraud Movant.

16. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

       1. Case name:            Chapter:
          Case number:         Date dismissed:          Date discharged:
          Date filed:
          Relief from stay re this Property ☐ was    ☐ was not granted.

       2. Case name:            Chapter:
          Case number:         Date dismissed:          Date discharged:
          Date filed:
          Relief from stay re this Property ☐ was    ☐ was not granted.

       3. Case name:            Chapter:
          Case number:         Date dismissed:          Date discharged:
          Date filed:
          Relief from stay re this Property ☐ was    ☐ was not granted.

    ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

    a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in Exhibit ____ attached hereto.

    c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Date: _July 24 2012_  _Clayton J. Wren_          _[signature]_
                  Printed Declarant's name            Signature of Declarant

### ATTACHMENT 1.

I, _Clayton J. Wren_, declare:

1. I am over 18 years of age and am employed as a _Document Control Officer_ of CitiMortgage, Inc ("CitiMortgage"). In such capacity, I am authorized to make this declaration regarding the loan described below (the "Loan"). If called to testify in this matter, I would testify under oath as to the following:

2. I have access to and am familiar with CitiMortgage's books and records regarding the Loan, CitiMortgage's servicing records, and copies of the applicable Loan documents. I am familiar with the manner in which CitiMortgage maintains its books and records, including computer records relating to the servicing of the Loan. CitiMortgage's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded. Such records are obtained, kept and maintained by CitiMortgage in the regular course of CitiMortgage's business. CitiMortgage relies on such records in the ordinary course of its business.

3. According to CitiMortgage's books and records, the Loan is evidenced by a promissory note executed by Efrain Zepeda and dated May 23, 2005, in the original principal amount of $303,000.00 (the "Note"). See Exhibit 1.

4. CitiMortgage's records reflect that CitiMortgage, Inc. holds possession of the original Note. The Note is indorsed and payable to CitiMortgage, Inc. See Exhibit 1.

5. The Note is secured by a deed of trust (the "Deed of Trust") relating to the real property commonly known as 9481 Robert Way, Riverside, California 92509 (the "Property"). The Deed of Trust reflects that it was duly recorded. See Exhibit 2.

6. Copies of the Note and Deed of Trust which are attached hereto as Exhibits 1 and 2 are true and correct copies of said documents contained in CitiMortgage's business records.

7. The Deed of Trust was assigned to CitiMortgage, Inc. A copy of the Assignment of Deed of Trust is attached hereto as Exhibit 3.

8. CitiMortgage has retained counsel to represent it in this matter, and is thereby incurring attorneys' fees and expenses in this matter.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2011    Page 11    F 4001-1.MOTION.RP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  August 6, 2012 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

- Nathan V Hoffman            ecf@choicelawgroup.com
- United States Trustee (RS)  ustpregion16.rs.ecf@usdoj.gov
- Rod (MJ) Danielson (TR)     notice-efile@rodan13.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL**(state method for each person or entity served):
On  August 6, 2012 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Honorable Meredith A. Jury, U.S. Bankruptcy Court, 3420 Twelfth St, Ste 345, Riverside, CA 92501-3819
- CBNA, c/o Managing or Servicing Agent, PO Box 550, Dickson, TN  37056
- Efrain Zepeda, 4427 Tyrolite Street, Riverside, CA 92509
- Victor Robles, 9481 Robert Way, Riverside, CA 92509
- Angel Robles, 9481 Robert Way, Riverside, CA 92509
- Sara Robles, 9481 Robert Way, Riverside, CA 92509

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

  Date: August 6, 2012        Signature: /s/ Ric Brown        Printed Name: Ric Brown